#1496
LOUIS SPITTERS - SBN 112064
LAW OFFICES OF LOUIS SPITTERS
96 North Third Street, Suite 500
San Jose, California 95112
Telephone: 408.293.0463
Facsimile: 408.293.9514
Email: spitlaw@earthlink.net

Attorney for Plaintiff
COLLIER BUILDING SPECIALTIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO BRANCH

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of, COLLIER BUILDING SPECIALTIES, INC.,<br><br>            Plaintiff,<br><br>vs.<br><br>FEDERAL SOLUTIONS GROUP, INC., KIRLIN BUILDERS, LLC, JOHN J. KIRLIN SPECIAL PROJECTS, LLC, NORTH AMERICAN SPECIALTY INSURANCE COMPANY, CHUBB SURETY, FEDERAL INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>            Defendants. | Case No.<br><br>COMPLAINT FOR BREACH OF CONTRACT, ON PAYMENT BOND AND ON COMMON COUNTS |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff UNITED STATES OF AMERICA, for the use of, Plaintiff COLLIER BUILDING SPECIALTIES, INC. (hereinafter "COLLIER") brings this action against Defendants FEDERAL SOLUTIONS GROUP, INC., KIRLIN BUILDERS, LLC, JOHN J. KIRLIN SPECIAL PROJECTS, LLC, NORTH AMERICAN SPECIALTY INSURANCE COMPANY, CHUBB SURETY, FEDERAL INSURANCE COMPANY, LIBERTY MUTUAL

**COMPLAINT**                                                                                                                **PAGE 1**

1 INSURANCE COMPANY, and DOES 1-50, inclusive, for compensatory and general damages,
2 prejudgment interest, costs, and attorney's fees, and other appropriate and just relief resulting from
3 Defendants' actions, and as grounds therefor alleges:

## GENERAL ALLEGATIONS

1. Plaintiff UNITED STATES OF AMERICA is named as a nominal plaintiff for the use of Plaintiff Collier Building Specialties, Inc., as required by 40 U.S.C. Section 3133(b)(3).

2. Plaintiff COLLIER BUILDING SPECIALTIES, INC. (hereinafter "COLLIER") is, and at all times herein mentioned was, a corporation organized and existing under the laws of California, with its principal place of business at 1485 Bayshore Boulevard, San Francisco, California. Plaintiff is now, and was at all times hereinafter stated, a contractor doing business at said location, and duly licensed as such contractor under the laws of the State of California, at the times each of the acts hereinafter mentioned was performed.

3. Plaintiff is informed and believes and thereon alleges that Defendant FEDERAL SOLUTIONS GROUP, INC., a corporation (hereinafter "FSG") is now, and was at all times hereinafter stated, a contractor doing business and was duly licensed as a contractor under the laws of the State of California, at the times each of the acts hereinafter mentioned was performed, with its principal place of business in Dublin, California. Plaintiff is further informed and believes that Defendant FSG was and is a Principal under a Payment Bond issued by the North American Specialty Insurance Company as more fully alleged, infra.

4. Plaintiff is informed and believes and thereon alleges that Defendant KIRLIN BUILDERS, LLC, a corporation organized and existing under the laws of Delaware (hereinafter "KB"), is now and was at all times hereinafter stated, a contractor authorized to conduct and conducting business as a contractor in the State of California for the project alleged herein at the times each of the acts hereinafter mentioned was performed, and acted as the general contractor for the project alleged herein. Plaintiff is further informed and believes that Defendant KB was and is a Principal or obligor under a Payment Bond or Bonds issued by Chubb Surety, Federal Insurance Company or Liberty Mutual Insurance Company as more fully alleged, infra.

5. Plaintiff is informed and believes and thereon alleges that Defendant JOHN J.

1  KIRLIN SPECIAL PROJECTS, LLC, a corporation organized and existing under the laws of
2  Delaware (hereinafter "KSP"), was at all times relevant times hereinafter stated authorized to
3  conduct and conducting business in the State of California for the project alleged herein at the
4  times each of the acts hereinafter mentioned was performed.  Plaintiff is further informed and
5  believes that Defendant KSP was an is a parent, affiliate, joint venturer, agent or other
6  representative and co-Principal or co-obligor of Defendant KB with respect to the project and
7  payment bonds as more fully alleged, infra.  Plaintiff is further informed and believes that
8  Defendant KSP was and is a Principal or obligor under a Payment Bond or Bonds issued by
9  Chubb Surety, Federal Insurance Company, Liberty Mutual Insurance Company or North
10 American Specialty Insurance Company, as more fully alleged, infra.

11         6.      Plaintiff is informed and believes and thereon alleges that Defendant CHUBB
12 SURETY (hereinafter: CHUBB) was at all of the times in this complaint mentioned, and now is, a
13 corporation or other fictitious legal entity, form unknown, duly organized and existing under and
14 by virtue of the laws of the State of its incorporation and authorized to transact business as surety
15 upon bonds or undertakings in the State of California.  Plaintiff is further informed and believes
16 that Defendant CHUBB was a parent, affiliate, trade name or other legal entity, form unknown,
17 associated with and liable, as a surety, under payment bonds issued by the Federal Insurance
18 Company or Liberty Mutual Insurance Company as more fully alleged, infra.

19         7.      Plaintiff is informed and believes and thereon alleges that Defendant NORTH
20 AMERICA SPECIALTY INSURANCE COMPANY, a corporation authorized and existing under
21 the laws of New Hampshire (hereinafter "NASIC"), was at all times alleged herein authorized by
22 the State of California to conduct and conducting business as a surety upon bonds or undertakings
23 in the State of California.  Plaintiff is further informed and believes that Defendant NASIC was
24 and is the issuer of a payment bond for the project alleged herein to Defendant FSG and was an
25 obligor, as a surety, under that bond.

26         8.      Plaintiff is informed and believes and thereon alleges that Defendant FEDERAL
27 INSURANCE COMPANY, a corporation authorized and existing under the laws of Indiana
28 (hereinafter "FIC"), was at all times alleged herein authorized by the State of California to conduct

and conducting business as a surety upon bonds or undertakings in the State of California. Plaintiff is further informed and believes that Defendant FIC was and is the issuer of a payment bond for the project alleged herein to Defendants KB or KSP and was an obligor, as a surety, under such bond.

9. Plaintiff is informed and believes and thereon alleges that Defendant LIBERTY MUTUAL INSURANCE COMPANY, a corporation authorized and existing under the laws of Massachusetts (hereinafter "LMIC"), was at all times alleged herein authorized by the State of California to conduct and conducting business as a surety upon bonds or undertakings in the State of California. Plaintiff is further informed and believes that Defendant LMIC was and is the issuer of a payment bond for the project alleged herein to Defendants KB or KSP and was an obligor, as a surety, under such bond.

10. Plaintiff is ignorant of the true names of Defendants Does One to Fifty, inclusive, and has therefore sued them by the foregoing names which are fictitious names, and asks that when their true names are discovered this complaint may be amended by inserting their true names in lieu of said fictitious names, together with apt and proper words to charge them.

11. Prior to the filing of this action, Plaintiff gave proper notice of its demand for payment and of its demand upon the payment bonds alleged herein to sureties and principals on such bonds alleged herein as provided and required by law.

**JURISDICTION AND VENUE**

12. The claims and damages alleged hereinabove by Plaintiff lie within the subject matter jurisdiction of this court; further, the court may exercise personal jurisdiction over the parties; and, venue properly lies in this court, pursuant to 40 U.S.C. Section 3133, and 28 U.S.C. Sections 1331, 1332 and 1391. The contract for the project alleged herein was made, was last executed or was to be performed in substantial part in San Francisco, California.

**FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT**

**AGAINST DEFENDANTS FSB & KB**

13. Plaintiff incorporates herein and realleges each of the preceding allegations, which are incorporated by reference as if fully set forth herein.

14. On or about March 10, 2015, Plaintiff COLLIER contracted with Defendant FSG to

furnish and install a Kalwall Translucent Panel Wall System for the Camp Parks Dining Facility – Building 332, located in Dublin, California (hereinafter: "the project"), for the contract price of $32,000.00.  Plaintiff Collier is informed and believes that Defendant FSG's payment obligation was secured by Payment Bond issued by Defendant NASIC.

15.    In or about May 2016, Defendant KB advised Plaintiff COLLIER that it had replaced Defendant FSG as the general contractor on the project.  Plaintiff's contract with Defendant FSG was never cancelled or terminated.  Defendant KB requested that Plaintiff COLLIER furnish and install the Kalwall Wall Panel System as it had previously agreed in its contract with Defendant FSG.  Defendant KB and Plaintiff COLLIER subsequently entered into a subcontract for the project, dated May 6, 2016.  The agreement provided that Plaintiff COLLIER would perform the same scope of work as it had previously contracted with Defendant FSG, including all conditions and exclusions that were part of Plaintiff COLLIER'S agreement with Defendant FSG.  In fact, the COLLIER–FSG agreement was incorporated into the agreement between Plaintiff COLLIER and Defendant KB.  Defendants' obligation for payment of the contract price was secured by a Payment Bond issued by Defendants CHUBB, FIC and LMIC.

16.    Plaintiff is informed and believes that the Kalwall Translucent Panel Wall System was delivered to the project in May 2016.  The system was installed by Plaintiff COLLIER's installation contractor, commencing on May 10, 2016.  The installation work was completed on June 27, 2016.  Plaintiff COLLIER's work was completed to the satisfaction of the general contractor.  Subsequently, Plaintiff COLLIER tendered its demand for payment in accordance with the terms of the parties' agreement.

17.    Plaintiff has performed all conditions, covenants and promises required by Plaintiff to be performed in accordance with the terms and conditions of the contract, except for any performance that was prevented or delayed by Defendants FSB, KB or KSP, their subcontractors or other parties whose actions are not imputed to nor for which Plaintiff may have any liability.

18.    Plaintiff has demanded that Defendant FSB, KB and KSP pay for the materials and services provided to and installed on the project.  Defendants FSB and KB have failed and refused, and continue to fail and refuse, without just cause, to pay the contract price of $32,000.00, which is

1  due and payable to Plaintiff.

2      19.     As a result of Defendants' breach of the contract, Plaintiff has been damaged in the
3  sum of $32,000.00 plus, costs, attorneys fees and interest thereon in a sum according to proof.

4  **SECOND CLAIM FOR RELIEF: ON PAYMENT BOND AGAINST ALL DEFENDANTS**

5      20.     Plaintiff incorporates herein and realleges each of the preceding allegations, which
6  are incorporated by reference as if fully set forth herein.

7      21.     Before entering upon the construction of the project alleged herein and engaging in
8  the performance of the work contracted to be done thereunder, and in accordance with the terms of
9  said contract, Defendant FSB, as Principal, and Defendant NASIC, as surety, and Defendant KSP,
10 as obligee for, on behalf of, or as an agent or representative of Defendant KB, duly made and
11 executed a certain surety Payment Bond which said bond was made, issued and executed as
12 aforesaid in accordance with the provisions of 40 U.S.C. Section 3131, et seq., which said bond so
13 given and filed, referring to said contract above mentioned, provides that if the above bounden
14 principal, contractor, person, company or corporation, or his or its subcontractor, fails to pay any of
15 the persons furnishing labor, materials or services, etc., for or about the performance of the work
16 contracted to be done on the project alleged herein, or for any work or labor done thereon of any
17 kind then said surety will pay the same in an amount not exceeding the sum specified in the bond,
18 and will also pay in case suit is brought upon such bond such reasonable attorney's fee as shall be
19 awarded by the Court to the prevailing party in said suit, such attorney's fee to be taxed as costs in
20 said suit provided the parties' agreement so provides, as it does, and to be included in the judgment
21 therein rendered, as in said bond and in the above-mentioned statute provided.

22     22.     Before entering upon the construction of the project alleged herein and engaging in
23 the performance of the work contracted to be done thereunder, and in accordance with the terms of
24 said contract, Defendant KB, by and through its parent, affiliate, agent or representative, Defendant
25 KSP, as Principal, and Defendants FIC and LMIC, as sureties, duly made and executed a certain
26 surety Payment Bond which said bond was made, issued and executed as aforesaid in accordance
27 with the provisions of 40 U.S.C. Section 3131, et seq., which said bond so given and filed,
28 referring to said contract above mentioned, provides that if the above bounden principal,

contractor, person, company or corporation, or his or its subcontractor, fails to pay any of the persons furnishing labor, materials or services, etc., for or about the performance of the work contracted to be done on the project alleged herein, or for any work or labor done thereon of any kind then said surety will pay the same in an amount not exceeding the sum specified in the bond, and will also pay in case suit is brought upon such bond such reasonable attorney's fee as shall be awarded by the Court to the prevailing party in said suit, such attorney's fee to be taxed as costs in said suit provided the parties' agreement so provides, as it does, and to be included in the judgment therein rendered, as in said bond and in the above-mentioned statute provided.

23.    Although demand has been made therefor, Defendants FSG, KB, KSP, NASIC, FIC and LMIC have failed, neglected and refused to pay, under and pursuant to the terms and conditions of said surety bonds as alleged herein the amount due Plaintiff for said labor and materials so furnished in the sum of $32,000.00.

24.    As a result of Defendants' breach of their surety obligations, Plaintiff has been damaged in the sum of $32,000.00 plus, costs, attorneys fees and interest thereon in a sum according to proof.

### THIRD CLAIM FOR RELIEF: COMMON COUNTS – QUANTUM MERUIT
### AGAINST DEFENDANTS FSB & KB

25.    Plaintiff incorporates herein and realleges each of the preceding allegations, which are incorporated by reference as if fully set forth herein.

26.    Defendants have failed to compensate, pay or reimburse Plaintiff for its materials are services provided to and installed on the project as alleged herein in the amount of $32,000.00.

27.    The fair and reasonable value of the material and services provided to Defendants by Plaintiff, for which Plaintiff has not been reimbursed, is $32,000.00.

### PRAYER FOR RELIEF

THEREFORE, Plaintiff COLLIER BUILDING SPECIALTIES, INC. prays that judgment be entered against Defendants FEDERAL SOLUTIONS GROUP, INC., KIRLIN BUILDERS, LLC, JOHN J. KIRLIN SPECIAL PROJECTS, LLC, NORTH AMERICAN SPECIALTY INSURANCE COMPANY, CHUBB SURETY, FEDERAL INSURANCE COMPANY,

LIBERTY MUTUAL INSURANCE COMPANY, and each of them, jointly and severally, as follows:

1. That the amount due upon Plaintiff's claim for principal and interest be ascertained and adjudged;

2. For judgment against the Defendants FEDERAL SOLUTIONS GROUP, INC., KIRLIN BUILDERS, LLC, JOHN J. KIRLIN SPECIAL PROJECTS, LLC, NORTH AMERICAN SPECIALTY INSURANCE COMPANY, CHUBB SURETY, FEDERAL INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, jointly and severally, in the sum of $32,000.00, together with interest thereon at the statutory rate of ten percent (10%) per annum from July 1, 2016, until paid;

3. For recovery under the contract in a sum according to proof, together with interest thereon at the contractual rate of 1.5% per month, in a sum according to proof;

4. For Plaintiff's attorney's fees and costs incurred in this action;

5. For the reasonable value of the unreimbursed materials and services provided to Defendants in the sum of $32,000.00, with interest thereon; and

6. For such other and further relief as the Court may deem proper.

Respectfully submitted,

DATED: November 17, 2016            LAW OFFICES OF LOUIS SPITTERS

　　　　　　　　　　　　　　　　　_____/s/ Louis Spitters_____
　　　　　　　　　　　　　　　　　LOUIS SPITTERS
　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　COLLIER BUILDING SPECIALTIES, INC.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, COLLIER BUILDING SPECIALTIES, INC. hereby requests, pursuant to Federal Rules of Civil Procedure, Rule 38, a jury trial in this action.

DATED: November 17, 2016            LAW OFFICES OF LOUIS SPITTERS

　　　　　　　　　　　　　　　　　_____/s/ Louis Spitters_____
　　　　　　　　　　　　　　　　　LOUIS SPITTERS
　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　COLLIER BUILDING SPECIALTIES, INC.